# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1674V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
GABRIEL WALKER ANTHIS,              *
Testamentary of                     *
 ESTATE OF MARTHA WALKER            *
                                    *
              Petitioner,           *      Filed: February 5, 2021
                                    *
      v.                            *
                                    *      Entitlement; Decision by Proffer; Damages;
SECRETARY OF HEALTH AND             *      Influenza ("Flu") Vaccine; Shoulder Injury
HUMAN SERVICES                      *      Related to Vaccine Administration
                                    *      ("SIRVA")
              Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Phyllis Widman*, Widman Law Firm, LLC, Linwood NJ, for Petitioner.
*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 30, 2018, Petitioner Martha Walker[2] filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[3]  Ms. Walker alleged that she

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  Otherwise, the whole Decision will be available to the public. *Id.*

[2] This case was initially filed by petitioner Martha Walker ("Ms. Walker"). ECF No. 1. On May 22, 2020, Ms. Widman informed the Court that Ms. Walker had passed away due to causes unrelated to her alleged vaccine injury. *See* May 27, 2020 non-PDF Order.  On June 10, 2020, Ms. Widman filed Ms. Walker's death certificate. ECF No. 34-1. On December 28, 2020, petitioner moved to amend the caption to substitute Ms. Walker's son, Gabriel Walker Anthis, as testamentary of the estate of Martha Walker.  ECF No. 50. I granted that motion on January 4, 2021. ECF No. 51.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine

developed a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on September 2, 2017. Petition, ECF No. 1.

On June 10, 2020, I issued a ruling on onset finding that Ms. Walker's "left shoulder pain began the day of her vaccination." Ruling on Onset, ECF No. 46.

On September 24, 2020, Respondent filed an amended Rule 4(c) Report ("Respondent's Am. Rep."), stating that "While preserving his right to appeal the Court's January 22, 2020 Findings of Fact, respondent submits that [Ms. Walker] has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation for SIRVA." Respondent's Am. Rep. at 2, ECF No. 47. Respondent also requested a ruling on entitlement for the record. *Id.*

In light of Respondent's request, I issued a Ruling on Entitlement on February 4, 2021. ECF No. 54.

Respondent filed a proffer on February 5, 2021 (ECF No. 55), agreeing to issue the following payments:

a. a lump sum payment of **$32,500.00** for all damages, paid in the form of a check to Petitioner, Gabriel Walker Anthis.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $32,500.00, in the form of a check payable to Petitioner, Gabriel Walker Anthis**. The clerk of court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

GABRIEL WALKER ANTHIS,
*Testamentary of the Estate of*
MARTHA WALKER

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN
SERVICES,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 18-1674V
Special Master Oler
ECF

## <u>RESPONDENT'S PROFFER ON AWARD OF COMPENSATION</u>

On June 10, 2020, the Special Master issued a Ruling on Onset, finding "that

[p]etitioner's[1] left shoulder pain began the day of her vaccination." ECF No. 35 at 2. On

September 24, 2020, the Secretary of Health and Human Services ("respondent") filed an

Amended Vaccine Rule 4(c) Report advising that, in light of Special Master Oler's factual

finding that the onset of symptoms took place within 48 hours of vaccination, and the medical

evidence submitted in this case, respondent did not dispute that Ms. Walker had satisfied all legal

prerequisites for compensation under the Vaccine Act. ECF No. 42 at 2, 7-8. On February 4,

2021, Special Master Oler entered a Ruling on Entitlement, finding petitioner entitled to Vaccine

Act compensation for Ms. Walker's Table SIRVA injury. ECF No. 54.

---

[1] This case was initially filed by petitioner Martha Walker ("Ms. Walker"). ECF No. 1. On or around May 27, 2020, petitioner's counsel informed the Court that Ms. Walker had passed away due to causes unrelated to her alleged vaccine injury. *See* May 27, 2020 non-PDF Order. On June 10, 2020, petitioner filed Ms. Walker's death certificate. ECF No. 34-1. On December 28, 2020, petitioner moved to amend the caption to substitute Ms. Walker's son, Gabriel Walker Anthis, as testamentary of the estate of Martha Walker. ECF No. 50. That motion was granted on January 4, 2021. ECF No. 51.

## I. Items of Compensation

### A. Pain and Suffering

Respondent now proffers that, based on the Special Master's entitlement decision and the evidence of record, petitioner should be awarded $32,500.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.[2]

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following: a lump sum payment of $32,500.00 for pain and suffering, in the form of a check payable to petitioner, Gabriel Anthis Walker, as testamentary of the estate of Martha Walker.

## III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Gabriel Walker Anthis: **$32,500.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

---

[2] The parties have no objection to the amount of the proffered award of damages. Assuming the Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's February 4, 2021 entitlement decision.

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 514-9729
sarah.c.duncan@usdoj.gov

DATED:  February 5, 2021

3